UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
MAR 16 2007
[signature] CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CARL A. LEACRAFT, | \* | CIV. 06-4086 |
| Plaintiff, | \* | |
| vs. | \* | REPORT and RECOMMENDATION |
| BRANDON P.D.; WAYNE ELLINGSON, Sgt.; | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff is an inmate at the Minnehaha County Jail in Sioux Falls, South Dakota. He brings this suit against the Brandon, South Dakota Police Department and Sergeant Wayne Ellingson. Plaintiff does not expressly state his claim is brought pursuant to 42 U.S.C. § 1983, but it is filed on the forms which are regularly used by inmates to file such claims, and which are provided by the Minnehaha County jail to prisoners for that express purpose.

The Court has, as it must, "screened" this case pursuant to 28 U.S.C. § 1915A, and has determined it must be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

In his Complaint, Plaintiff alleges Sergeant Ellingson "is going in the Brandon community telling the apartment complex my wife and kids live in I'm a drug dealer." Plaintiff alleges Ellingson's statements in this regard are untrue. Plaintiff also alleges Ellingson has told people in the Brandon community that he (Plaintiff) is a sex offender and "we don't want his kind" in Brandon. Plaintiff does not dispute the accuracy of Ellingson's characterization in this regard, but takes umbrage with the comments about not wanting his kind in Brandon. Plaintiff says these comments

were "even more wrong" because "this officer has no reason for his action." Plaintiff requests compensatory damages totally 1,500,000.00 from the Defendants for "harassing [him] and [his] family and slandering [his] name in the Brandon community . . . "

## DISCUSSION

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) cert. den., 513 U.S. 829, 115 S.Ct. 100, 130 L.Ed.2d 49 (1994). If it does not, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States. Gatlin v. Green, 362 F.3d 1089, 1093 (8th Cir. 2004). Section 1983 requires a claimant to identify the particular right that has been violated. Id. If the claimant fails to allege a violation of a right secured under the Constitution or laws of the United States, he has not stated a claim upon which relief may be granted under Section 1983. Isakson v. First National Bank in Sioux Falls, 990 F.2d 1098 (8th Cir. 1993).

Liberally construed, Plaintiff asserts the Defendants have defamed him by saying untrue things about him in the community. However, "damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." Ellingburg v. Lucas, 518 F.2d 1196 (8th Cir. 1975). Plaintiff's claims, therefore, must be dismissed for failure to state a claim upon which relief can be granted.

If Plaintiff's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants,

do not get their filing fees back if their cases are dismissed. That Plaintiff's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. In Re: Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed as frivolous. Anderson v. Sundquist, 1 F.Supp.2d 828, 830 n. 5 (W.D. Tenn. 1998). One of the purposes of the Prison Litigation Reform Act is to

> require the prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law abiding Americans must make: Is the lawsuit worth the price?

Roller v. Gunn, 107 F.3d 227, 231 (4th Cir. 1997) (quoting 141 Cong. Rec. at S7526 (May 25, 1995) See also In Re: Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full amount of the filling fee ($350.00), therefore, remains due.

Plaintiff is advised that the dismissal of this lawsuit will be considered his third "strike" for purposes of the Prison Litigation Reform Act. Plaintiff has two prior "strikes" for failure to state a claim. See CIV. 01-4253 and 06-4214 filed in this court. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## **CONCLUSION and ORDER**

Liberally construed, Plaintiff alleges Defendant Ellingson has defamed him. Damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States.

It is therefore respectfully RECOMMENDED to the District Court that Plaintiff's Complaint be DISMISSED without prejudice.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 16th day of March, 2007.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

By: Shelly Margulies , Deputy

(SEAL)